UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MENASHE NURIEL,<br><br>        Plaintiff,<br>v.<br><br>NEXSAN TECHNOLOGIES, LTD.,<br><br>        Defendant. | Civil No. 06CV1684 JAH (JMA)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DOC. # 13]** |

## INTRODUCTION

Now pending before the Court is the motion of defendants Nexsan Technologies, Limited and Nexsan Technologies Incorporated (collectively "defendants" or "Nexsan") to dismiss the second cause of action contained in the first amended complaint filed by plaintiff Menashe Nuriel ("plaintiff") for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion has been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted, and for the reasons set forth below, this Court GRANTS defendants' motion and DISMISSES plaintiff's second cause of action without prejudice.

//
//
//
//
//

# BACKGROUND

## 1. Factual Background[1]

Plaintiff, a resident of Jerusalem, Israel, alleges that he entered into a written employment contract with Nexsan on December 28, 2000, after which he and his family moved from Israel to California in order to work for Nexsan. Plaintiff further alleges that approximately one year after he entered into the employment contract, Nexsan informed plaintiff that it could no longer comply with the terms of the original contract. The parties then memorialized an amendment to the agreement, awarding plaintiff a commission related to company sales in lieu of promised bonuses and salary increases. Plaintiff alleges that Nexsan unilaterally altered the terms of the agreements by failing to pay promised bonuses and compensation, and allegedly continued to breach the terms of the contract from 2002 until plaintiff left employment with defendant on or about August 12, 2006. As a result of the alleged breach of his employment contract, plaintiff seeks monetary damages.

## 2. Procedural History

Plaintiff's original complaint was filed on August 21, 2006, alleging three causes of action: (1) breach of contract; (2) RICO violations; and (3) violations of California Labor Code § 940, *et seq*. *See* Doc. # 1. On November 1, 2006, Nexsan filed a motion to dismiss plaintiff's second and third causes of action. *See* Doc. # 4. The parties then jointly agreed to dismiss the second cause of action, *see* Docs. # 5, 6, and this Court granted Nexsan's motion to dismiss the third cause of action on June 8, 2007, allowing plaintiff the opportunity to file a first amended complaint. Plaintiff's first amended complaint was filed on June 29, 2007, alleging only the breach of contract and California Labor Code causes of action. *See* Doc. # 11.

The instant motion was filed on July 27, 2007. Plaintiff filed an opposition to the motion on September 10, 2007 and defendant filed a reply brief on September 17, 2007. This Court subsequently took the motion under submission without oral argument. *See* CivLR 7.1(d.1).

//

---

[1] The relevant facts are taken directly from plaintiff's first amended complaint. *See* Doc. # 11.

# DISCUSSION

Defendants move to dismiss plaintiff's second cause action for violation of California Labor Code § 970, *et seq.*, on the grounds that it fails to meet the requirement of Rule 9(b) of the Federal Rules of Civil Procedure and, therefore, fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**1.    Legal Standards**

   **A.    Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim under this Rule is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Navarro, 250 F.3d at 732. Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); *see* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Roberts, 812 F.2d at 1177; Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

**B.     Rule 9(b)**

Rule 9(b) states in relevant part that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. Rules Civ. P. 9(b).  Thus, Rule 9(b) requires that parties must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Vess v. Ciba-Geigy Corp., U.S.A., 317 F.3d 1097, 1106 (9th Cir. 2003).

Under Ninth Circuit case law, Rule 9(b) imposes two distinct requirements on complaints alleging fraud.  First, the basic notice requirements of Rule 9(b) require complaints pleading fraud to "state precisely the time, place, and nature of the misleading statements, misrepresentations, or specific acts of fraud." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994); Vess, 317 F.3d at 1106 (A plaintiff must set forth "the who, what, when, where and how" of the alleged misconduct.").  Second, the Rule requires that the complaint "set forth an explanation as to why the statement or omission complained of was false and misleading." Yourish v. California Amplifier, 191 F.3d 983, 993 (9th Cir. 1999).  A complaint may demonstrate the false or misleading character of a statement by identifying inconsistent contemporaneous statements made by the defendants or inconsistent contemporaneous information that was available to the defendants. Yourish, 191 F.3d at 994; DeMarco v. DepoTech Corp., 149 F.Supp.2d 1212, 1223 (S.D. Cal. 2001).  A complaint may not, however, demonstrate that a statement was false or misleading when made "merely by pointing to later inconsistent statements or conditions." DeMarco, 149 F.Supp.2d at 1223.

**2.     Analysis**

California Labor Code § 970 provides, in relevant part, that:

> No person, or agent or officer thereof ... shall influence, persuade, or engage any person to change from one place to another in this State or from any place outside to any place within the State, or from any place within the State to any place outside, for the purpose of working in any branch of labor, through or by means of knowingly false representations, whether spoken, written, or advertised in printed form, concerning ... (b) the length of time such work will last, or the compensation therefor ...

Cal. Labor Code § 970(b).  Because California Labor Code § 970 has been categorized in this

circuit as a "tort of deceit" requiring a showing of scienter, plaintiff's complaint must reach the stringent requirements of pleading a cause of action under Rule 9(b). Funk v. Sperry, 842 F.2d 1129, 1133 (9th Cir. 1988). As discussed, to meet the pleading requirements under Rule 9(b), a complaint must state, for example, the "who, what, when, where and how of the alleged misconduct." Vess, 317 F.3d at 1006. In particular, the complaint must give the defendant sufficient notice "so that [it] can defend against the charge and not just deny that [it] has done anything wrong." Id.

This Court previously addressed plaintiff's lack of specificity in pleading and found plaintiff's original complaint failed to meet Rule 9(b)'s requirements for pleading a violation under Section 970. *See* Doc. # 10 at 5-6. This Court found that, although plaintiff's complaint alleged defendant "'apparently never intended to honor its promises'" and "intentionally withheld such intentions from [plaintiff] at the time it induced him to quit his previous employment and uproot his family,'" plaintiff's complaint presented only conclusory allegations that failed to provide the "'who, what, when, where and how of the alleged misconduct.'" Id. at 5 (quoting Vess, 317 F.3d at 1006).

Plaintiff's first amended complaint now alleges, in regards to defendant's alleged violation of California Labor Code § 970, that:

> Nexsan did, directly and/or indirectly, influence, persuade, or engage Mr. Nuriel to move, form Jerusalem, Israel to San Diego, California, for the purpose of employment with Nexsan, through, or by means of knowingly false representations, concerning Mr. Nuriel's compensation. Nexsan induced Plaintiff to leave his home in Israel and move his family to the San Diego area by promising him compensation which Nexsan never intended to pay Plaintiff. After Plaintiff moved his family to San Diego from Israel, Nexsan reduced Plaintiff's compensation on more than one occasion. Plaintiff would not have left Israel if he had known Nexsan would reduce his compensation, which Nexsan knew when it offered Plaintiff the $160,000 salary offer plus 5% annual salary raise.

Doc. # 11 ¶ 17. Defendants contend these allegations are insufficient to meet Rule 9(b)'s requirements because "[a]t no point in his complaint did Nuriel state who made these statements, where these statements were made, when these statements were made, what the

specific content of the statements was, or how the statements were made."[2]  Doc. # 14 at 5 (emphasis omitted).   Plaintiff, in opposition, argues that "all the information [Nexsan] seeks is found in Exhibit A to the [first amended complaint]," the offer letter/employment contract dated December 28, 2000, which sets forth sufficient details surrounding the representations at issue.  Doc. # 15 at 4.  This Court agrees with plaintiff.  Viewing the facts and allegations presented in the first amended complaint, including all exhibits attached thereto, as true and in the light most favorable to plaintiff, this Court finds that there is sufficient facts plead to answer the "who, what, when, where and how" required under Rule 9(b).  *See* Vess, 317 F.3d at 1006; Cahill, 80 F.3d at 337-38.

Defendants also contend that plaintiff's allegations fail to state why the statements or omissions were false.  Doc. # 14 at 5.  In response, plaintiff argues that the "speed with which Nexsan abandoned the terms of its written employment agreement with Nuriel ... suggests that Nexsan may not have been sincere when it made its December, 2000 job offer to Nuriel."  Doc. # 15 at 5.  Thus, plaintiff contends this suggestion should suffice to state a viable claim under Section 970.  Id.

Defendants contend plaintiff's argument lacks merit.  Doc. # 16 at 2.  According to defendants, plaintiff's reference to the "speed" involved in the alleged misrepresentations contradicts this Court's requirement that falsity may be alleged by pointing to "'contemporaneous statements made by the defendants or inconsistent contemporaneous information that was available to the defendants.'"  Id. (quoting Doc. # 10 at 8-9).  Defendants point out that plaintiff "cites to no case law to support his position that alleging a breach of contract that allegedly occurred one year of contract formation is sufficient to allege fraud."  Id.

This Court agrees with defendants.  Allegations suggesting the speed in which a breach

---

[2] Defendants also point out that, in the first amended complaint, plaintiff added Nexsan Technologies Limited, Nexsan Technologies Incorporated's parent corporation, as a defendant but refers to defendants collectively as "Nexsan."  Doc. # 14 at 5.  Defendants contend this reference "increases the vagueness already inherent in his complaint" resulting in defendants' inability to determine whether the alleged actions were committed by Nexsan Technologies Incorporated or its parent corporation.  This Court is not persuaded that this lack of reference to which entity made the statements at bar causes confusion.  However, because this Court ultimately finds plaintiff fails to properly allege falsity of the statements at bar, this Court need not address this issue.

6

06cv1684

1 occurred is not a contemporaneous statement or information available to the defendants at the
2 time of the contract formation.  Thus, although it appears that plaintiff has met the who, what,
3 where and how required for pleading fraud under Rule 9(b), plaintiff's first amended complaint
4 still lacks the requisite allegations to demonstrate the statements or omissions alleged were false
5 when made.  *See* Yourish, 191 F.3d at 993.  Therefore, this Court finds plaintiff's second cause
6 of action based on a violation of California Labor Code § 970 fails to state a claim upon which
7 relief may be granted.

8       Accordingly, this Court finds that plaintiff's second cause of action contained in his first
9 amended complaint does not meet the heightened pleading requirements of Rule 9(b), and
10 accordingly GRANTS defendants' motion to dismiss plaintiff's second cause of action under
11 California Labor Code § 970, *et seq*. without prejudice.

## CONCLUSION AND ORDER

13       For the foregoing reasons, **IT IS HEREBY ORDERED** that defendants' motion to
14 dismiss plaintiff's second cause of action under California Labor Code § 970 is **GRANTED** and
15 plaintiff's second cause of action is **DISMISSED without prejudice**.[3]

17 Dated:      February 11, 2008

19                              JOHN A. HOUSTON
                             United States District Judge

---

[3] This Court declines, at this juncture, to grant plaintiff leave to amend a second time because this Court doubts plaintiff can state facts that cure the deficiencies presented herein.  However, because it does not appear beyond doubt" that plaintiff cannot prove facts that could support his claim for relief, Conley, 355 U.S. at 45-46, plaintiff is free to seek leave of court to file a second amended complaint by filing the appropriate motion within the proper time constraints for filing such a motion.